[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Patricia K. Durbrow, age 55, whose maiden name was Patricia Keating, and the defendant, Bruce C. Durbrow, age 55 were married at New Milford, Connecticut on August 26, 1967. There are no minor children issue of the marriage, although there is an adult daughter, Kirsten, and the parties had a son, Deane who was killed in an automobile accident.
The plaintiff and the defendant met in Rome, Italy April 26, 1966 when the plaintiff was teaching in Italy. At that time, the defendant was suffering from depression, a condition which continued during most of the marriage and which required voluntary hospitalizations. After the marriage and until the birth of the first child, the parties lived primarily on the earnings of the plaintiff as a substitute teacher. After returning to the United States the defendant obtained his master's degree and became a qualified teacher. He did not pursue such a career and in 1977 went to work for Merrill Lynch for a period of five months. Although possessing earning skills, the defendant has worked only sporadically but instead has relied upon loans for financial assistance. At the present time, Mr. Durbrow claims to be a career consultant earning $288.00 per week. Since 1990, Mrs. Durbrow has not worked regularly, having devoted her time to care for an ill mother until her death, a sister who developed multiple sclerosis and recovering from the tragic death of her son.
There is no question but that the marriage has broken down irretrievably. The causes range from the husband's depression, his lack of work, lack of communication, mental and physical abuse, withdrawal of affection, as well as three extra marital affairs. Presently, the defendant is living with another woman in North Carolina, whom he met when she was still married. While the defendant claims that he was put off by his wife's drinking, excessive weight and smoking, the court finds that the primary cause of the breakdown rests with the defendant. CT Page 3406
The parties own a home at 9 Porter Street in Lakeville, Connecticut valued at $130,000.00 with a mortgage of $76,500.00. This property is presently rented for $141.00 per week which does not cover the mortgage of $214.00 per week and taxes of $40.00 per week. The defendant inherited property in Weiman, California valued at $112,000.00. The plaintiff owns a one fifth interest in real estate at 22 Elm Street, New Milford, valued at $56,400.00. She presently resides there, paying the heat, light, taxes and insurance.
Both the plaintiff and the defendant received $144,000.00 in May 1993 from the court action arising out of their son's death. Out of this settlement, the plaintiff has approximately $40,000.00 and the Defendant $11,000.00.
The plaintiff's financial affidavit lists assets as follows:
Plaintiff:
 Real Estate: 9 Porter Street, Lakeville $ 26,500 22 Elm Street, New Milford 56,400
 Car: 1992 Saturn 7,000 Household Furnishings and personal property 15,000 Litchfield Bancorp — (Savings) 13,278 Bank of Boston (checking) 200 New Milford Savings Bank (sav. check.) 42,100 Salisbury Bank Trust (checking) 107
 Joint Stocks (approx. $49,610 (1/2); Mutual Funds; Janus, Nicholas, Vanguard, Kaufman; Oak Mark; 20th Cent. Ultra 65,793
Insurance: (Connecticut Mutual) 7
 Deferred Compensation: TIAA Cref — $712.44 Fidelity Growth Income $ 7,517.24 T. Rowe Price New Horizons 23,047.72 31,277 --------- Total Assets: $ 257,662 CT Page 3407
Defendant:
 Real Estate: 9 Porter Street, Lakeville 26,500 Weimar, California 112,000
 Motor Vehicles: 1985 Honda Prelude 2,000 Bank Accounts: Litchfield Bancorp, check. 4,835 First Union, savings 843 Stocks, Bonds, Mutual Funds: Stocks (inherited): 1434 American Home Prod. 106,116 94 Caterpillar 4,794 498 Chevron 24,153 27 CYTEC 962 293 Mattel 6,702 276 Pacificorp 5,279 100 Primark 1,400 750 Quaker Oats 25,781 56 Union Pacific 3,017 176 Wells Fargo 28,116 382 Westinghouse 5,444 12000 Staff Builders 45,000
 Stocks (non-inherited): 220 Perkin Elmer 5,875 1,000 Staff Builders 3,750
 Pension and Retirement Plans: IRA Explorer Fund $16,843; IRA Trustees Inc. Fund, $13,528; IRA Capital Growth Fund $13,528; IRA Japan Fund $9,254 58,094
 850 + Lead Soldiers, inherited, $45,000; 30 + French Soldiers inh. wife possess $1,500 + 62,500 -------- Total Assets $ 533,411
The plaintiff has earning skills which may be enhanced by up-to-date educational review. She wishes to return to Rome to pursue her teaching position. To further this desire, rehabilitative alimony is indicated. In view of the fact that the defendant is out of state and may be reluctant to pay, lump sum alimony is CT Page 3408 indicated.
The house in Lakeville is on the market but has not been sold. The burden to sell the property must rest with the defendant who will be ordered to pay the plaintiff her equity either out of present funds or mortgage refinancing. The joint debt to National Iron Bank in the amount of $16,000.00 likewise is ordered the responsibility of the defendant with one dollar a year alimony ordered modifiable if the plaintiff is called upon to make payment on this obligation.
Based upon the evidence, the cause of the breakdown and the factors set forth in General Statute § 46b-81, the court finds that the following orders should enter:
1. A decree of dissolution based upon a finding of irretrievable breakdown.
2. The defendant shall pay to the plaintiff lump sum alimony in the amount of $15,000.00 within forty-five days.
3. The defendant shall be solely responsible to the loans of $16,000.00 to National Iron Bank and hold the plaintiff harmless. The plaintiff is awarded $1.00 a year alimony, modifiable only if the plaintiff is called upon to make payment on this obligation.
4. The defendant shall pay to the plaintiff the sum of $50,000.00 in return for a quit claim deed of her one-half interest in real estate located at 9 Porter Street, Lakeville, Connecticut. This transfer to take place within forty-five days.
5. The defendant shall transfer to the plaintiff his one-half interest in 12,000 shares of stock in Staff Builders and his one-half interest in 200 shares of stock in Perkin Elmer.
6. The defendant shall transfer to the plaintiff, by way of a rollover into a tax free account or by way of a qualified domestic relations order whichever is required by the particular plan, the IRA Explorer Fund in the approximate amount of $16,843 as shown on defendant's CT Page 3409 financial affidavit.
7. The defendant shall pay to the plaintiff $5,000.00 attorney's fees out of the proceeds of the sale of the Lakeville property or any refinancing, such payment to be secured by a mortgage with the usual covenants and without interest until May 1, 1996 and thereafter at the rate of 10% per annum.
8. The defendant shall pay to the plaintiff $1,020.60 for medical insurance premiums within thirty days.
9. The plaintiff may take a change of name to Patricia Keating.
The decree may enter accordingly.
PICKETT, J.